[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15078
Non-Argument Calendar
_____

D.C. Docket No. 3:15-cr-00018-CAR-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACKIE WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(November 28, 2017)

Before MARCUS, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Jackie Williams pleaded guilty to one count of wire fraud in violation of 18 U.S.C. § 1343. Williams appeals her 70-month sentence, imposed as a variance above the guideline range of 33 to 41 months. On appeal, Williams argues that her sentence is procedurally and substantively unreasonable. First, Williams argues that her sentence is procedurally unreasonable because the district court failed to provide a sufficiently compelling justification for imposing an upward variance. Second, Williams argues that her sentence is substantively unreasonable because the district court improperly relied on only the deterrence factor under 18 U.S.C. § 3553(a) in imposing her sentence.

This Court reviews the reasonableness of a sentence under a deferential abuse of discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41 (2007). The party challenging the sentence bears the burden of establishing that the sentence is unreasonable. *United States v. Tome,* 611 F.3d 1371, 1378 (11th Cir. 2010).

The reasonableness of a sentence is assessed using a two-step process. *Gall*, 552 U.S. at 51. First, this Court determines whether the district court committed procedural error when sentencing the defendant, such as failing to consider the § 3553(a) factors, improperly calculating the guideline range, or inadequately explaining the chosen sentence. *Id*. When the district court imposes a sentence that deviates from the guideline range, it must provide a justification that is

2

"sufficiently compelling to support the degree of the variance." *Id.* at 50. Though explanation of the sentence is required, the sentencing court is under no duty to "articulate [its] findings and reasoning with great detail." *United States v. Irey*, 612 F.3d 1160, 1195 (11th Cir. 2010) (*en banc*). Rather, the district court "should set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

Second, this Court examines whether the sentence is substantively reasonable under the totality of the circumstances. *Gall*, 552 U.S. at 51. The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2). The district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. §§ 3553(a)(1), (3)–(7). This Court commits the

3

weight to be accorded any § 3553(a) factor to the discretion of the district court. *United States v. Barrington*, 648 F.3d 1178, 1204 (11th Cir. 2011).

The district court did not impose a procedurally or substantively unreasonable sentence when it sentenced Williams above the guideline range. First, the court did not commit any procedural error in explaining its deviation from the guideline range. The court explained that the guideline range did not reflect the seriousness of Williams's crime and was insufficient to deter her from committing similar crimes in the future. The court further noted the statements made by the victims of Williams's crime and the substantial loss they had suffered. By emphasizing the seriousness of Williams's crime and the need to deter her from committing similar crimes in the future, the district court set forth an explanation that was sufficient to show that it "had a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita*, 551 U.S. at 356. The reasons were also sufficiently compelling to support the degree of the variance. *Gall*, 552 U.S. at 50. Thus, the district court did not commit procedural error.

Further, the district court did not impose a substantively unreasonable sentence by improperly weighing the "deterrence" factor under § 3553(a). First, the court found the need for deterrence especially important in this case considering the scope and seriousness of Williams's crime. Additionally, the court noted that it was "terrible" how Williams took advantage of her victims. The court

4

emphasized the victims' extensive financial loss and indicated that, based on its experience, it was unlikely that the victims would receive restitution.  Accordingly, the record indicates that the district court considered not only the need for deterrence, but also other § 3553(a) factors, such as the seriousness of the crime, the need to protect the public, and the need for restitution in imposing the upward variance.  18 U.S.C. § 3553(a)(2), (7).  Thus, the sentence was substantively reasonable.

For the reasons set forth above, the district court's sentencing decision falls well within the range of reasonableness provided by the abuse-of-discretion standard.  Thus, we affirm Williams's sentence.

**AFFIRMED.**